**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ZHI FENG HE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-1435-G** |
| | ) | |
| **TODD BLANCHE, Attorney General, et al.,** | ) | |
| | ) | |
| | ) | |
| **Respondents.**[1] | ) | |

**ORDER**

Petitioner Zhi Feng He, appearing pro se, filed a Petition for Writ of Habeas Corpus ("Petition," Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging Petitioner's detention by U.S. Immigration and Customs Enforcement ("ICE"). In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Chris M. Stephens for preliminary review. Certain Respondents filed an Answer (Doc. No. 9) and a Supplemental Brief (Doc. No. 13).[2]

---

[1] Todd Blanche, United States Attorney General, Markwayne Mullin, Secretary of Homeland Security, David J. Venturella, Acting Director of U.S. Immigration and Customs Enforcement, and Chris Gantt, Warden of Cimarron Correctional Facility, are hereby substituted as respondents for Pamela Bondi, Kristi Noem, Todd M. Lyons, and Scarlet Grant, respectively, pursuant to Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

[2] Respondent Gantt has not appeared in this action. The appearing Respondents are: Attorney General Blanche; Secretary Mullin; Acting Director Venturella; Marcos Charles, Acting Executive Associate Director for Enforcement and Removal Operations ("ERO"), Mark Siegel, Field Office Director, ERO; ICE; and the U.S. Department of Homeland Security.

On January 29, 2026, Judge Stephens issued a Report and Recommendation ("R. & R.," Doc. No. 14), in which he recommended that the Petition be granted in part, with Respondents ordered to provide Petitioner with a bond hearing as required by 8 U.S.C. § 1226(a) or otherwise release Petitioner. Respondents filed an Objection (Doc. No. 15) to the R. & R. Petitioner did not respond to Respondents' Objection.

Because Respondents have objected to the R. & R., the Court must make a de novo determination of the portions of the R. & R. to which a specific objection has been made, and the Court may accept, modify, or reject the recommendation in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

*I. Background*

The material facts are set forth in the R. & R. and are not contested. As relevant here, Petitioner is a "citizen of China" who "entered the United States on or about December 22, 2022." R. & R. at 2. Petitioner was "subsequently arrested by Border Patrol agents," and soon after he filed an application for asylum. *Id.* He was then released and provided with a work authorization. *Id.*

ICE initiated removal proceedings against Petitioner pursuant to 8 U.S.C. § 1229a, and he was charged under 8 U.S.C. § 1182(a)(6)(A)(i) for entering the United States without inspection. *Id.* Petitioner, who had been taken back into custody, was then again released "on his own recognizance pursuant to 8 U.S.C. § 1226." *Id.*

According to Petitioner and as found in the R. & R., ICE redetained Petitioner on September 1, 2025. *See* R. & R. at 2; Pet. at 4. According to Respondents, ICE took

custody of Petitioner on September 16, 2025. *See* Resp'ts' Obj. at 3. Petitioner is currently detained at the Cimarron Correctional Facility in Cushing, Oklahoma. *Id.* at 2-3.

On December 1, 2026, an Immigration Judge denied Petitioner's asylum application, and Petitioner was ordered to be removed to China. R. & R. at 3. The Order of Removal is not yet final because Petitioner has appealed the Order to the Board of Immigration Appeals. *Id.*

Petitioner alleges that he "has not received a hearing about his custody status and has not received notice about the reason for the revocation of his release." *Id.* at 2. Petitioner further alleges that he "has been unable to request a bond hearing before an Immigration Judge" because Immigration Judges are subject to *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025), in which the Board of Immigration Appeals held that, in accordance with 8 U.S.C. § 1225(b)(2)(A), noncitizens who have entered the United States without admission or parole are ineligible for a bond hearing. *See* R. & R. at 2; Pet. at 5.[3]

Petitioner argues that his ongoing detention without a bond hearing violates the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq., and the due process rights afforded him by the Fifth Amendment. *See* Pet. at 2.

[3] *In re Yajure Hurtado* is not binding on this Court. *Cf. Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024) ("Courts need not and under the [Administrative Procedure Act] may not defer to an agency interpretation of the law simply because a statute is ambiguous.").

*II. Discussion*

Judge Stephens concluded that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See* R. & R. at 10-26.[4] Accordingly, Judge Stephens concluded that Petitioner "is entitled to a bond redetermination hearing under § 1226(a)." *Id.* at 12, 26.

Respondents object, arguing that "Petitioner is properly detained pursuant to § 1225(b)(2)(A)" because "[t]he canons of statutory interpretation compel a different conclusion that the one reached by the R. & R." Resp'ts' Obj. at 3, 4; *see also id.* at 4-8. Respondents further argue that past Executive Branch practice does not control how the statute should be interpreted now. *See id.* at 9-10.[5]

Following the issuance of the R. & R. and the submission of Respondents' Objection, the Tenth Circuit held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026). The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to § 1226(a) (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was

[4] Based upon this determination, the Magistrate Judge did not reach Petitioner's Fifth Amendment due process claim. *See* R. & R. at 26-27; Pet. at 2. The Magistrate Judge also recommended denying as moot Petitioner's Motion to Appoint Counsel (Doc. No. 2). *See* R. & R. at 1.

[5] Respondents also objected that Petitioner "will be subject to the mandatory detention provision of 8 U.S.C. § 1231(a)(1)" if the BIA denies his appeal regarding his application for asylum and the Order of Removal becomes final. Resp'ts' Obj. at 11-12. Respondents have not since provided any update regarding the status of Petitioner's appeal.

detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Respondents' objection is foreclosed by *Santillan Quiroz*. Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. *See* Pet. at 4; *Santillan Quiroz*, 180 F.4th at 1233. And, as in *Santillan Quiroz*, Petitioner has been held in detention without a bond hearing or other "opportunity to argue for release." *Santillan Quiroz*, 180 F.4th at 1234; Pet. at 4. Accordingly, the mandatory-detention requirement of § 1225(b)(2)(A) is inapplicable to Petitioner. *See* *Santillan Quiroz*, 180 F.4th at 1246-51. Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Id.* at 1251 n.13. In light of this determination, the Court need not and does not reach Petitioner's Fifth Amendment due process claim.

CONCLUSION

In accordance with the above, the Report and Recommendation (Doc. No. 14) is ADOPTED in its entirety.

It is therefore ordered that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's claim for relief based upon violation of the INA.

2. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States;

3. Petitioner's Motion to Appoint Counsel (Doc. No. 2) is DENIED as moot;

4. Petitioner's remaining claim for relief is DISMISSED without prejudice; and

5. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

6. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 10th day of August, 2026.

CHARLES B. GOODWIN
United States District Judge